| | |
|---|---|
| **SENTENCING** | **DATE:** August 10, 2020 |
| **USA v. Travis Edward Walker** | **CASE NUMBER:** 3:18cr75 |
| **Plaintiff's Attorney:** AUSA, Rob Painter | **Defendant's Attorney:** Thomas Anderson |
| **Probation Officer:** Amy Shamp | |

Defendant appeared with counsel via video conference. The Court discussed with counsel for defendant and defendant the defendant's right to proceed with this hearing in person. The defendant wishes to proceed today via video conference.

Counsel and defendant have reviewed the PSI. No objections to the PSI. Counsel for the defendant made statement. Statement by the Court. Statement by counsel for defendant. Statement by the Court. Statement by counsel for defendant. Government counsel made statement. Recess taken.

Court reconvened. Government counsel continued statement. Government Victim Witness Advocate Lindsay read victim statements into the record. Counsel for defendant made further statement. Defendant made statement. Statement by the Court. The Court accepts the plea agreement in this case.

Counts __2, 3, and 6__ dismissed.

Defendant remanded to the custody of the Attorney General of the United States/Bureau of Prisons for:

> __324__ months on Count __1__.
> Fined $ __0 due to inability to satisfy, hardship on dependents, and community service to be ordered on Count 1 of the Indictment__. No additional fine assessed, including the $5,000 fine to JVTA.
> $__100.00__ Special Assessment to Victims Crime Fund to be paid immediately.
>
> __324__ months on Count __4__, to be served concurrently to Count 1 and to the sentence imposed in state Court.
> Fined $ __0 due to inability to satisfy, hardship on dependents, and community service to be ordered on Count 1 of the Indictment__. No additional fine assessed, including the $5,000 fine to JVTA.
> $__100.00__ Special Assessment to Victims Crime Fund to be paid consecutively to Count 1.
>
> __240__ months on Count __5__, to be served concurrently to Counts 1 and 4 and to the sentence imposed in state Court.
> Fined $ __0 due to inability to satisfy, hardship on dependents, and community service to be ordered on Count 1 of the Indictment__. No additional fine assessed, including the $5,000 fine to JVTA.
> $__100.00__ Special Assessment to Victims Crime Fund to be paid consecutively to Counts 1 and 4.

The Court orders forfeiture of the following items:
- LG cellular telephone, Model LS992, bearing MEID 089482906302322840 and IMSI 310120141719692;
- Generic CPU stand, black in color, missing side panel;
- Seagate Barracuda hard drive, Model ST1000DM003, SN: S1DE8FHQ, 1 TB;
- Seagate hard drive, Model SRD00F1, SN: NA98LJ63; and
- WD PC hard drive, Model WD1oEZEX, SN: WCC3F4XK9V1Y.

__LIFETIME__ period of Supervised Release on Count 1.

__LIFETIME__ period Supervised Release on Count 4.

__LIFETIME__ period Supervised Release on Count 5.

Follow the rules and regulations of the Probation Department.

Defendant must report to supervising agency within 72 hours of release from institution.

Defendant must not commit any crimes, federal, state, or local.

Defendant must not own, possess, use, or traffic in any controlled substance, firearm, or dangerous weapon.

Defendant must seek and maintain employment and/or be enrolled in a vocational services/job training program.

__100__ hours of community service with an agency and on a schedule agreed upon by the Defendant and the Probation Department over the first three (3) years of Supervision, if suitable placement can be found and if defendant is physically able. The Court will substitute each hour spent in a verified, certified course of Job Training for one hour of Community Service on a 1:1 ratio.

The defendant is to have no contact with Minor A or any member of Minor A's family.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant is to sign waivers for all treatment providers so the probation officer will have access to all available treatment information.

The defendant is to receive cognitive behavioral therapy/moral reconation therapy/critical thinking skills/thinking for a change.

Defendant must make himself available for substance abuse testing at least once during the first 15 days of supervision and no fewer than twice thereafter and treatment, in-patient or out-patient, if requested by probation officer, with an emphasis on alcohol to include breathalyzer testing. The defendant shall make a co-payment for treatment services not to exceed $25.00 per month, which is determined by the defendant's ability to pay.

The defendant is to receive a mental health assessment and counseling in addition to the sexual offender counseling and treatment, if deemed necessary, in the areas of childhood issues, sexual abuse, and victimization. The defendant shall make a co-payment for treatment services not to exceed $25 per month, which is determined by the defendant's ability to pay.

The defendant shall participate in a sexual offender treatment program, to include a sex offender risk assessment, psycho-sexual evaluation and/or other evaluations needed. The defendant shall follow the rules and regulations of the sex offender treatment program as approved by the probation office. Sex offender treatment, similar to that presently provided by Dr. David Roush, Psy.D., is intended by this condition. The defendant shall make a co-payment for sex offender treatment services not to exceed $25 per month, which is determined by the probation officer's assessment of the defendant's ability to pay.

The defendant shall be subject to periodic polygraph examinations at the discretion and direction of the probation officer as a means to ensure that the defendant is in compliance with the requirements of the defendant's supervision and treatment. The polygraph testing will be at the defendant's expense, based on the probation officer's assessment of the defendant's ability to pay.

The defendant's residence and employment shall be pre-approved by the probation officer, and must be in compliance with state and local law.

The defendant shall not view or possess material, images, videos or computer files containing sexually explicit conduct as defined by 18 U.S.C. § 2256(2)(A) and (B).

The defendant shall not rent or use a post office box or storage facility without prior approval of the probation officer, and, if approved, any change must be communicated to the probation officer 72 hours prior to the change.

The defendant shall have no contact with any minors with exception of the defendant's own children, without prior approval of the Court. The term contact extends to all forms of communication such as email, telephone, text, letter, and any other form of electronic communication. This provision does not encompass persons under age 18 such as ticket vendors, cashiers, or waiters with whom the defendant must deal in order to obtain normal commercial services. The defendant shall be prohibited from loitering where minors congregate, such as, but not limited to, playgrounds, arcades, amusement parks, recreation parks, sports events involving minors, shopping malls, and public swimming pools.

The defendant shall submit to the installation of software, and to monitor computer activities on any computer the defendant is authorized to use at the defendant's expense. The software will record any and all activities on the defendant's computer. The software will be checked on a periodic basis. The defendant has no expectations of privacy regarding computer use or information stored on the computer and shall make other users of said computer aware of the monitoring software. The defendant understands that any information gathered by said software may be used against the defendant in subsequent court actions regarding the defendant's computer use and the conditions of supervision. Furthermore, the defendant shall comply with the rules set forth in the Computer and Internet Monitoring Agreement and the Computer and Internet Acceptable Use Agreement as adopted by the Southern District of Ohio.

In consideration of 18 U.S.C. § 3583(d)(3), the defendant shall submit and/or surrender any media device, to which they have access and/or control, to a search based on reasonable suspicion of contraband or evidence of a violation of a condition of supervision. A media device is defined as, but not limited to, any device which is capable of accessing the internet, storing images, text, or other forms of electronic communication.

The defendant shall register, and keep the registration current, in each jurisdiction where the defendant resides, where he/she is an employee, and where the defendant is a student. For initial registration purposes only, the defendant shall also register in the jurisdiction in which convicted, if such jurisdiction is different from the jurisdiction of residence. [42 U.S.C. § 16913(a)] If the state of residence is not accepting sex offender registrations pursuant to the Sex Offender Registration and Notification Act (SORNA) and unable to accept the defendant's registration, the defendant must maintain contact with state registration authorities and his/her probation officer to determine when such registration can be accepted. The duty to register may continue after the expiration of the defendant's federal supervision, and any existing duty to register under state law is not suspended and will remain in effect until the state implements the SORNA of 2006. If the defendant's supervision transfers to another federal district, the defendant's duty register as required by SORNA shall be governed by that district's policy and the laws of that state.

The defendant is to be subject to a search of person, property, house, residence, vehicle, papers, computers, or other electronic communication or other data storage devices if law enforcement or the probation office has reasonable suspicion as to a violation of supervised release.

Defendant's right of appeal explained and the defendant indicated an understanding of same.

**RECOMMENDATIONS TO BOP:**

The Court recommends that the defendant be given credit for all allowable pre-sentence jail-time served.

The Court recommends that the defendant be incarcerated in a facility which offers sex offender treatment and sex offender management programming consistent with his security status. The Court specifically recommends Devens, MA, Terre Haute, IN, or the Low Security Satellite facility at Elkton, OH.

The Court recommends that the defendant be made eligible for and enrolled drug treatment with an emphasis on alcoholism.

The Court recommends that the defendant receive cognitive behavioral therapy/moral reconation therapy/critical thinking skills/thinking for a change.

The Court recommends that the defendant receive a mental health assessment and counseling in addition to the sexual offender counseling and treatment, if deemed necessary, in the areas of childhood issues, sexual abuse, and victimization.

The Court recommends that the defendant receive any available job training.

**OTHER:** Neither counsel for the defendant nor for the government had any procedural or substantive objections to this Court's sentence.

    X    Remanded to the Custody of the United States Marshal.

| | | |
|---|---|---|
| COURT REPORTER: | Debra Futrell | CONVENED: 1:34/2:24 |
| DEPUTY CLERK: | Tisha Parker | RECESSED:  2:12/3:45 |